UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
BOARD OF TRUSTEES OF THE
UNITED UNION OF ROOFERS,
WATERPROOFERS, & ALLIED
WORKERS LOCAL UNION NO. 8                     09CV1076 (RRM) (ALC)
W.B.P. & A FUNDS,

               Plaintiffs,
                                                                                  <u>REPORT AND
RECOMMENDATION</u>

     v.

DANA RESTORATION,

              Defendant.
--------------------------------------------------X

**CARTER, United States Magistrate Judge**:

      The facts and circumstances surrounding the instant action are fully set forth in my September 14, 2010 Report and Recommendation ("Report") granting the motion for default judgment filed by plaintiffs Board of Trustees of the United Union of Roofers & Waterproofers & Allied Workers Union No. 8. W.B.P.& A. Funds ("Plaintiffs" or "Funds"). Briefly, this action arises under both section 515 of the Employee Retirement Income Security Act, 29 U.S.C. § 1301 ("ERISA"), and under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "Taft-Hartley Act"). Plaintiffs alleged and proved that the Funds were due contributions covered by the parties' collective bargaining agreement ("CBA"). However, I found the documentation in support of a damages calculation and applicable attorneys' fees to be inadequate and denied Plaintiffs' prayer for relief. On September 29, 2010, Judge Roslynn R. Mauskopf adopted the Report and set October 29, 2010 as the due-date for re-submission of documentation in support of damages and fees. That documentation was duly filed on October

1

28, 2010, and on October 30, 2010, Judge Mauskopf referred the matter to me for a second determination of applicable damages and attorneys' fees. Based on the submissions, and for the reasons below, I recommend granting $65,247.46 in damages and denying Plaintiffs' motion for attorneys' fees.

DISCUSSION

In evaluating the damages claim of a party victorious in a civil action by virtue of his well-pleaded allegations and adversary's default, the Court must still be satisfied that the amount awarded is commensurate with the actual loss suffered. See, e.g., House v. Kent Worldwide Machine Works, Inc., No. 09 CV 146, 2010 WL 10020, at *1 (2d Cir. Jan. 4, 2010) ("[T]here must be a basis on which to establish damages with reasonable certainty.")  Courts may make this determination by way of an inquest hearing, but the Second Circuit has made clear "it is not necessary for the District Court to hold a hearing, as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." See Translatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). To that end, Courts may consult affidavits or other documentary evidence in evaluating the fairness of the damages requested.

*Damages*

In this case, Plaintiffs have amply bolstered their application for damages with evidence sufficient to support an award in the full amount requested. Specifically, Plaintiffs have included an affidavit from the certified public accountant retained by the Funds who conducted the audit which brought to light the unpaid contributions at issue. (Docket No. 16-2.) Plaintiffs have also

added an affidavit from James R. Bell, one of the administrators of the Funds, who identifies and describes those portions of the collective bargaining agreements governing the parties' relationship that relate to audit procedures and calculation of both principal and interest due. (Henke Aff. Exs. A-C). I have reviewed these documents, in addition to the original submissions, and find them as a whole sufficient evidence upon which to form the basis of an award of damages against Dana Restoration in the total amount of $65,247.46. This represents the amount requested by Plaintiffs in the following categories:

(1) $49,782.77 in unpaid contributions from January 1, 2004 to June 30, 2005;[1]

(2) $13,534.69 in interest on the unpaid contributions;[2]

(3) $1,500.00 in auditor's fees;[3] and

(4) $430.00 in costs.[4]

*Attorneys' Fees*

In the Report, I recommended denying without prejudice Plaintiffs' motion for $2,000 in attorneys' fees because it was unaccompanied by the type of documentation that would permit me to rule on the request with any indicia of reliability. See generally New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). ("[A]ny attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records.") Plaintiffs' supplemental submission fails to support or even address the prior application for fees, and Plaintiff's amended statement of damages bears no mention of the request. Accordingly, I recommend denying Plaintiffs' motion for fees.

---

[1] See 29 U.S.C. 1132 § (g).
[2] Id.
[3] Id.; see also Henke Aff. Ex. B.
[4] See 29 U.S.C. 1132 § (g)

3

## CONCLUSION

For the foregoing reasons, I recommend granting the Funds' motion for damages and entering judgment against Dana Restoration in the amount of $65,247.46. Plaintiff shall deliver a copy of the within order as well as my September 14, 2010 Report, via first-class mail, to Dana Restoration at its last known address. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 6 and 72 of the Fed. R. Civ. P., the parties shall have fourteen (14) days from this date to file written objections to the Report and Recommendation. Such objections shall be filed on ECF. Failure to file timely objections will preclude appellate review of any order of judgment that will be entered.

DATED: September 6, 2011  /s/
       Brooklyn, New York  Andrew L. Carter, U.S.M.J.